IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DATHAN JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cv-01243-RLW |
| GENERAL MOTORS LLC, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF DATHAN JACKSON'S MEMORANDUM IN OPPOSITION
TO DEFENDANT GENERAL MOTORS LLC'S BILL OF COSTS**

COMES NOW, Plaintiff Dathan Jackson, by and through his attorneys, Mathis, Marifian & Richter, Ltd., and for his Memorandum in Opposition to Defendant General Motors LLC's Bill of Costs, states as follows:

**INTRODUCTION**

Plaintiff Dathan Jackson ("Plaintiff" or "Mr. Jackson") respectfully requests that this Court exercise its discretion to deny Defendant General Motors LLC's ("Defendant" or "GM") request for costs in the amount of $11,738.86. GM has failed to provide any receipt(s), invoices, or other documentation (beyond a declaration of its counsel) to substantiate its requested costs. As discussed more fully below, GM has failed to meet its burden to recover its requested costs and, as such, Plaintiff requests that GM's Bill of Costs be denied or, alternatively, reduced to eliminate unsupported costs.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d) allows taxable costs "[u]nless . . . a court order provides otherwise." FED. R. CIV. P. 54(d)(1). This Court has discretion in awarding costs within the bounds of the applicable rules and statutory authority. *See* 28 U.S.C. § 1920 ("[a] judge or

clerk of any court of the United States <u>may</u> tax as costs" identified items); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006); *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000). A court, in deciding whether to grant costs in favor of the prevailing party, should carefully scrutinize a submitted bill of costs and its supporting documentation. *See Koppinger v. Cullin–Schiltz and Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975); *Finan v. Good Earth Tools, Inc.*, No. 4:06-CV-878-CAS, 2008 WL 1805639 at *9 (E.D. Mo. Apr. 21, 2008). "Section 1920 imposes 'rigid controls on cost-shifting in federal courts,' and '[ ] federal courts are bound by the limitations set out in section 1920.'" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)).

## ARGUMENT

**I.    GM'S FAILURE TO PROVIDE SUPPORTING DOCUMENTATION FOR ITS REQUESTED COSTS WARRANTS DENIAL OF ALL REQUESTED COSTS.**

GM fails to satisfy this Court's requirements for a valid bill of costs because it provides no documentation supporting its requested costs, relying instead exclusively on the sworn statement of its counsel. [Doc. 135-1]. It is GM's burden to produce sufficient documentation to support its request for costs, and, in some cases, it must also show that the materials were "necessarily obtained for use in the case." 28 U.S.C § 1920(2) and (4). Local Rule 8.03 requires that the verified bill of costs be "in the form prescribed by the Clerk." Form A.O. 133, the standard Bill of Costs form used by this Court, contains a "SPECIAL NOTE" that provides: "Attach to your bill an itemization **and documentation** for requested costs in all categories." (Emphasis added). 28 U.S.C. § 1924 requires an "affidavit… that such item is correct and has been necessarily incurred in the case," however, when the bill of costs is challenged, a prevailing party must offer some reliable documentation or other proof that its bill of costs represents the allowable costs that it actually and necessarily incurred during the litigation. *See Hannan v. Auto-Owners Ins. Co.*, No.

2:13-CV-00053-ERW, 2014 WL 5148187 at *2 (E.D. Mo. Oct. 14, 2014) (allowing taxable costs for certain fees only after defendant amended Bill of Costs to provide supporting documentation for requested costs); *LaQuinta Corp. v. Heartland Properties, LLC*, No. 3:05-CV-328-S, 2009 WL 10728148, *2 (W.D. Ky. May 12, 2009) (court required documentation in addition to an affidavit and itemized bill of costs because concerns were raised regarding the reasonableness and necessity of the itemized bill of costs); *Kelly v. U.S. Bank*, No. 08-1421-AC, 2011 WL 2934023, *3 (D. Or. June 21, 2011) (requiring supporting document other than the "Statement of Costs" and declaration). GM provides no supporting documentation for any of its requested costs, [Doc. 135], nor has GM offered any evidence, short of its counsel's "Declaration," that its requested costs can be substantiated by receipts and/or invoices, or that said costs were necessarily incurred. This Court should exercise its sound discretion and deny GM's Bill of Costs in its entirety for this reason.

**II.     GM CANNOT RECOVER AS TAXABLE COSTS BOTH STENOGRAPHIC AND VIEDOGRAPHIC DEPOSITION COSTS.**

A court may tax as costs "[f]ees for printed **or** electronically recorded transcripts necessarily obtained for use in the case . . ." 28 U.S.C. § 1920(2) (emphasis added). GM seeks to recover costs associated with the depositions of Plaintiff and Dr. Mounir Shenouda (hereinafter "Dr. Shenouda"). In total, for Plaintiff's deposition, GM seeks $6,949.20, representing (1) $3,478.50 for videographic deposition costs, and (2) $3,470.70 for stenographic deposition costs. Similarly, for Dr. Shenouda's deposition, GM appears to seek a total of $590.00, representing (1) $155.00 for videographic deposition costs, and (2) $435.00 for stenographic deposition costs. This Court should deny GM's request to recover these costs because GM has failed to show that the duplicative video recordings were necessary for use in this case.

Courts have regularly held that when a prevailing party fails to show why duplicative reporting formats were necessarily obtained for use in a case, it cannot be awarded taxable costs for its duplicative and costly measures. *See*, *e.g.*, *Nat.'l Ben. Programs, Inc. v. Express Scripts, Inc.*, No. 4:10-CV-00907-AGF, 2012 WL 2326071, at *3 (E.D. Mo. June 19, 2012) (denying cost of video deposition where prevailing party made bare statement deposition was necessary but did not show, for example, that witness was significant and likely unavailable for trial); *Alt. Med. & Pharmacy, Inc. v. Express Scripts, Inc.,* 2016 WL 3443574 (E.D. Mo. 2016) (denying cost of video depositions of witnesses where prevailing party offered no explanation as to why both types of transcripts were "necessarily obtained for use"); *Beaulieu v. Stockwell*, No. 16-3586 (DWF/HB), 2019 WL 692951, at *2 (D. Minn. Feb. 19, 2019) (costs for video recording denied because said recording was not necessary even though a full-length copy was provided to court, multiple clips were played during a hearing before the court, and the court cited the deposition multiple times in its order granting summary judgment, because traditional stenographic deposition transcript equally informed the court).

It does not appear that GM utilized any video references and/or citations in its summary judgment briefing [Doc. 96], and there is no doubt that Mr. Jackson and Dr. Shenouda could have been present to testify at trial. Because GM offers no reason for obtaining both stenographic transcripts and videographic recordings of Mr. Jackson and Dr. Shenouda's depositions, "[it] would be contrary to the plain language of section 1920 to allow [GM] to recover costs for both stenographic transcripts and video costs for the same depositions." *Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, No. 4:06-CV-655-RWS, 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010). As such, this Court should deny GM's request for costs associated with the unnecessary videographic recordings of both Mr. Jackson and Dr. Shenouda's depositions as set forth above.

**III.   GM CANNOT RECOVER AS TAXABLE COSTS ITS UNSPECIFIED REPRODUCTION COSTS.**

GM requests taxable costs in the amount of $426.43 for unspecified "fees and disbursements for printing." [Doc. 135]. This Court should deny GM's request to recover its alleged reproduction costs because GM has not adequately documented or itemized its requested costs for this Court.

Amounts requested for reproduction must be "documented or itemized in such a way that this Court can meaningfully evaluate [a] request." *Yaris v. Special Sch. Dist. of St. Louis County*, 604 F.Supp. 914, 915 (E.D. Mo. 1985). In its itemization of costs, GM provides several entries amounting to $344.41 for copies and/or faxes of various records. Despite the fact that GM has failed to provide page numbers, costs per page for its copies and faxes, and/or the number of copies printed, it has provided no explanation regarding the discrepancy between the requested $426.43 and the itemized $344.41. Even if GM had provided the cost per page and number of pages copied, that still would be insufficient to show that the costs were necessarily incurred for use in this case. *See Finan v. Good Earth Tools, Inc.*, No. 4:06-CV-878-CAS, 2008 WL 1805639 at *11 (E.D. Mo. Apr. 21, 2008) (declining to tax copy costs when the only information provided by prevailing party was cost per page and number of pages copied). Because GM has failed to provide supporting documentation for its reproduction costs, and because it has provided no explanation for the discrepancy between the amount requested and its itemized amount, this Court should deny its vague and unsubstantiated request for $426.43 in "disbursements for printing."

**IV.   GM CANNOT RECOVER AS TAXABLE COSTS ITS COSTS FOR TRANSCRIBED AUDIO RECORDINGS.**

GM obtained a certified transcript of certain voice recordings taken by Mr. Jackson to submit to the Court in support of its Motion for Summary Judgment. [Doc. 135-2, p.2]. This Court

should deny GM's requests to recover $1,280.68 for the certified transcripts of the voice recordings, as the certified transcripts were purely investigatory and GM only referenced one recording throughout its entire Memorandum in Support of its Motion for Summary Judgment. [Doc. 96, p.10].

Parties may not recover costs of exhibits made for the convenience of counsel. *See, e.g., Am. Guar. & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, No. 4:06-CV-655-RWS, 2010 WL 1935998 (E.D. Mo. May 10, 2010) (citing numerous instances where costs for exhibits are disallowed because of their being incurred for the convenience of counsel and not "necessarily obtained for use in the case"). While exhibits are necessary for use in summary judgment pleadings, and costs incurred for use in summary judgment proceedings are considered "necessarily obtained," *Dunn v. Nexgrill Indus., Inc.*, No. 07-CV-01875-JCH, 2011 WL 1060943, at *2 (E.D. Mo. Mar. 21, 2011), GM referenced only one voice recording in its Memorandum in Support of its Motion for Summary Judgment and has not demonstrated any other particular reason for the transcriptions in this case, thus, it cannot be determined that the verified transcriptions of Plaintiff's voice recordings were necessarily obtained for use in this case. Rather, it is clear that they were made for the convenience of counsel. *See Cowden v. BNSF Ry. Co.*, 991 F.Supp.2d 1084, 1096 (E.D. Mo. 2014) (denying costs where prevailing party failed to demonstrate the use of the copied exhibits, or how they were otherwise made for anything other than the convenience of counsel). Further, the record suggests that GM transcribed the voice recordings solely for discovery or investigative purposes. *Ryther v. KARE 11*, 864 F.Supp. 1525, 1354 (D. Minn. 1994) (deposition costs are unrecoverable if taken solely for discovery or investigative purposes). Plaintiff therefore requests that this Court deny GM's request for the cost of the verified transcripts of Mr. Jackson's voice recordings in the amount of $1,280.68.

## CONCLUSION

For the foregoing reasons, Plaintiff Dathan Jackson requests that this Court deny Defendant General Motors LLC's Bill of Costs in its entirety for failure to provide required documentation supporting the requested costs or, in the alternative, deny its request for duplicative videographic deposition recordings, fees and disbursements for printing, and costs related to the transcription of certain voice recordings, and direct the Clerk to disallow such requests.

Respectfully submitted,

**MATHIS, MARIFIAN & RICHTER, LTD.**

By: /s/ Laura Schrick
Laura E. Schrick, #06284750
23 Public Square, Suite 300
Belleville, Illinois 62222-0307
Ph: (618) 234-9800
Fax: (618) 234-9786
lschrick@mmrltd.com

*Attorneys for Plaintiff Dathan Jackson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2020, the foregoing was electronically filed with the Court Administrator and service was made through the electronic filing system to:

Sarah A. Kuehnel
Melissa M. Pesce
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
sarah.kuehnel@ogletree.com
melissa.pesce@ogletree.com

*Attorneys for Defendant General Motors LLC*

/s/ Courtney Hoffmann